IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Crim. No. 08-418 |
| | ) | |
| | ) | |
| SEMAJ MAURICE DOW | ) | |

## OPINION AND ORDER

Pending before the Court is Defendant Semaj Maurice Dow's Motion to Modify/Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(2) and Sentencing Guidelines Amendment 782 [ECF #57]. On April 6, 2015, the Government filed its Response, opposing the Motion:

> Amendment 782 does not provide a two-level reduction for defendants who were sentenced as career offenders. Therefore, defendants whose offense levels were determined pursuant to U.S.S.G. § 4B1.1, rather than U.S.S.G. § 2D1.1, receive no benefit pursuant to Amendment 782. U.S.S.G. §1B1.10(a)(2)(A) (No reduction is permitted if "none of the amendments listed in subsection (d) is applicable to the defendant[]."). The defendant is ineligible for a reduction because he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, rather than § 2D1.1. See Statement of Reasons at 1 and Presentence Investigation Report at 5. In any case, the defendant received a sentence of 120 months imprisonment, a sentence well below his guideline range of 188 to 235 months. Thus, even if Amendment 782 provided for a two-level reduction in his case (which it does not), the defendant would still not be entitled to relief as his sentence would already be lower than any new guideline range which would result.

Opposition, pp. 1-2 (citations omitted).

Amendment 782 does not provide a two-level reduction to a defendant whose offense level was established pursuant to U.S.S.G. § 4B1.1 as opposed to U.S.S.G. § 2D1.1. Upon review of the matter, we find that the Defendant was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, rather than § 2D1.1. Therefore, he is ineligible for a reduction pursuant to Amendment 782 and his motion must be denied. An appropriate Order follows:

1

Case 2:08-cr-00418-MBC Document 60-1 Filed 04/06/15 Page 1 of 2

AO 247 (Rev. 11/11) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)　　　Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
для for the

Western District of Pennsylvania

| | |
|---|---|
| United States of America )<br>v. )<br>SEMAJ MAURICE DOW )<br> )<br> )<br>Date of Original Judgment: 01/15/2010 )<br>Date of Previous Amended Judgment: )<br>*(Use Date of Last Amended Judgment if Any)* | Case No: Criminal No. 08-418<br>USM No: 30256-068<br>Pro Se / Michael Novara<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ✓ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
　　✓ **DENIED.**　　☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: May 11, 2015

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Maurice B. Cohill, Jr., United States Senior District Judge
*Printed name and title*